UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL ALEJANDRO ESCOBAR
RODRIGUEZ,

      Petitioner,

  v.                                    Case No.: 2:26-cv-00166-SPC-NPM

MATTHEW MORDANT *et al.*,

      Respondents,

## **OPINION AND ORDER**

Before the Court are Daniel Alejandro Escobar Rodriguez's Verified Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 8), and Escobar Rodriguez's reply (Doc. 9). For the below reasons, the Court grants the petition.

Escobar Rodriguez is a native and citizen of Cuba who entered the United States on February 13, 2022. The Department of Homeland Security ("DHS") apprehended Escobar Rodriguez, issued Escobar Rodriguez a notice to appear, and released him on recognizance. Escobar Rodriguez applied for asylum, attended all scheduled immigration hearings, and has no criminal record. On December 4, 2025, Escobar Rodriguez attended a hearing at an immigration court in Miami. DHS moved to dismiss the removal proceedings, and the immigration judge granted the motion. When Escobar Rodriguez

exited the courtroom, Immigration and Customs Enforcement ("ICE") agents detained him. At a custody redetermination hearing, an immigration judge found he lacked jurisdiction to consider release on bond. Escobar Rodriguez is currently detained at Alligator Alcatraz without an opportunity to seek release on bond. DHS has not commenced new removal proceedings against him.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Escobar Rodriguez. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Escobar Rodriguez asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

2

The respondents also argue § 1225(b)(2) applies to Escobar Rodriguez's current detention because he was detained at the border upon his entry in 2022. But applying § 1225(b)(2) to noncitizens years after they were apprehended at the border and released into the country does not comport with the policy justification for treating noncitizens in the country differently than those seeking entry. As the Supreme Court observed, "our immigration laws have long made a distinction between those aliens who have come to our shores seeking admission . . . and those who are within the United States after an entry, irrespective of its legality. In the latter instance, the Court has recognized additional rights and privileges not extended to those in the former category who are merely 'on the threshold of initial entry.'" *Leng May Ma v. Barber*, 357 U.S. 185, 187 (1958) (quoting *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206 (1953)); *see also Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("But once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.").

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Escobar Rodriguez's detention is governed by § 1226(a), not §

3

1225(b)(2). As a noncitizen detained under § 1226(a), Escobar Rodriguez has a right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

The Court will thus order the respondents to either bring Escobar Rodriguez before an immigration judge for an individualized bond hearing or release him within ten days. The Court is aware that the Executive Office for Immigration Review ("EOIR") is the agency that schedules bond hearings. In other cases before this Court, the respondents have claimed they cannot direct the EOIR when to conduct a bond hearing. Regardless, subjecting Escobar Rodriguez to mandatory detention under § 1225(b)(2) is unlawful. If the respondents are unable to ensure Escobar Rodriguez receives the bond hearing he is entitled to under § 1226(a) within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

Daniel Alejandro Escobar Rodriguez's Verified Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Escobar Rodriguez for an individualized bond hearing before an immigration judge or (2) release Escobar Rodriguez under reasonable

4

conditions of supervision.  If the respondents release Escobar Rodriguez, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on February 10, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1